## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

RICHARD WILSON,                )
                               )
            Plaintiff,         )
                               )
    v.                         )          No. 4:24-CV-1646 HEA
                               )
MICHAEL GEORGE ZUNIGA, et al., )
                               )
            Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Richard Wilson's Motion to Remand.[1] (ECF No. 9). Defendants Michael George Zuniga and Keaton Alan Folger oppose the Motion to Remand and argue the Court has federal question subject matter jurisdiction in this case. Plaintiff did not file a reply memorandum, and the time to do so has expired. Also before the Court is Defendants' motions to dismiss, to strike, or for more definite statement. (ECF No. 6). Defendants move to dismiss this suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the above captioned case is duplicitous litigation. Alternatively, Defendants argue Plaintiff's pleadings contain redundant, immaterial, and impertinent material that should be stricken from the record under Rule(f) or, alternatively, that Plaintiff's allegations are such that Defendants cannot reasonably

---

[1] Plaintiff is proceeding in this case *pro se* without the assistance of counsel.

be expected to prepare a response, and Plaintiff should be required to replead his claims under Rule 12(e). Plaintiff opposes Defendants' Motions. Defendants did not file a reply memorandum and the time to do so has expired. Finding these motions are ripe for review and for the reasons that follow, the Court denies Plaintiff's Motion to Remand; the Court grants Defendants' Motion to Dismiss and denies as moot Defendants' Motion to Strike and Motion for More Definite Statement.

## I. *Motion to Remand*

### A. Background and Procedural History.

On October 30, 2024, Plaintiffs filed suit against Defendants Zuniga and Folger in the Circuit Court of St. Louis County, State of Missouri. In his original Petition, Plaintiff alleges that he is a licensed private investigator and legal process server, and on the evening of November 1, 2022, he was conducting business in his private office in an office building in Clayton, Missouri. Plaintiff alleges that he was working when he looked out his window and was verbally confronted by Defendants, who are law enforcement officers with the Clayton Policy Department and were working security outside the building in which he is a tenant. According to the Petition, Defendants demanded that Plaintiff show his ID, and when he did not, Defendants entered the building by force and confronted Plaintiff in his office with their guns drawn. Plaintiff alleges that despite identifying himself as a tenant,

legal process server, and licensed private investigator, he was not free to leave. Plaintiff alleges that he fled eventually, but that Defendants followed him with their guns drawn down two flights of stairs and into the parking lot.

In his Petition, Plaintiff brought three Missouri state law claims against Defendants Zuniga and Folger for intentional infliction of emotional distress, negligent infliction of emotional distress, and assault.  On November 20, 2024, Plaintiff filed an Amended Petition that contained virtually the same factual allegations and asserted the same three state law claims, however, Plaintiff added a claim of "Racial Profiling Based on Race and National Origin," in which he alleges Defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.   (ECF No. 4 at 28).

On December 5, 2024, Defendants Zuniga and Folger removed the case to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendants also aver the Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.   Plaintiff now moves that the Court remand this case for lack of subject matter jurisdiction.

**B. Legal Standard and Discussion**

Federal courts are courts of limited jurisdiction, and "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The requirement that jurisdiction be

established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007), as are removal statutes. *Id.*; *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). In general, a defendant may rely on one of two types of federal subject matter jurisdiction to remove a case to federal court: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op.*, 561 F.3d at 912. In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83–84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 n.6 (8th

4

Cir. 2014). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" *Id.*

The Court finds there is federal question jurisdiction in this case because the cause of action "aris[es] under the Constitution [and] law … of the United States." 28 U.S.C. § 1331. A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). In his Amended Petition, Plaintiff alleges Defendants violated his rights under the U.S. Constitution, a claim that is enforceable under 42 U.S.C. § 1983. In other words, Plaintiff is claiming Defendants violated his federal rights, and he seeks recourse under a federal statute. Although Plaintiff argues otherwise, the fact that Plaintiff brings three out of his four claims under Missouri law does not defeat federal jurisdiction. *Id.* Further, the Court has supplemental jurisdiction over the three state law claims under 28 U.S.C. § 1367 ("the district courts shall have supplemental jurisdiction over all other claims so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). In sum, the Court finds this case was properly removed under 28 U.S.C. § 1441(a), because the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff's Motion to Remand will be denied.

5

## II.    *Motion to Dismiss*

Defendants move to dismiss the above captioned cause of action on the grounds that it is duplicitous of another suit that is pending in this Court.   On October 30, 2024, the same day Plaintiff filed the above-caption cause of actions, Plaintiff filed in the United State District Court for the Eastern District of Missouri, *Wilson v. City of Clayton*, et al., 4:24-CV-1457 HEA, which is a suit against the City of Clayton, Defendants Zuniga and Fogler, as well as seven additional individual defendants. The factual allegations in *Wilson v. City of Clayton* involve the same conduct and events that occurred on November 1, 2022 and that form the basis of the above-captioned suit.   It is clear to the Court that Plaintiff has split his claims between two suits.

In general, a plaintiff "must bring all claims arising out of a common set of facts in a single lawsuit[.]" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  *See also Stone v. Dep't of Aviation*, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common-law rule of claim preclusion prohibiting the splitting of actions"). Further, the U.S. Supreme Court has stated that "federal district courts have discretion to enforce that requirement as necessary to avoid duplicative litigation." *Colorado River Water Conservation Dist.*, 424 U.S. at 817 (quotation omitted).   In light of the fact that there is another suit against

Defendants Zuniga and Fogler, and that the suit involves the same events and alleged conduct, the Court will dismiss the claims in this suit without prejudice as duplicitous litigation. To the extent Plaintiff desires to bring Missouri state law claims against Defendants Zuniga and Fogler, Plaintiff may move for leave to file an Amended Complaint in *Wilson v. City of Clayton*, et al., 4:24-CV-1457 HEA. Defendants' motion to dismiss is granted, and Defendants' motion to strike and motion for more definite statement are denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff Richard Wilson's Motion to Remand is **DENIED**. [ECF No. 9]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED.** Plaintiff's claims against Defendants George Zuniga and Keaton Alan Fogler are **DISMISSED without prejudice** for claim splitting. Defendants' Motion to Strike Amended Petition and Motion for More Definite Statement are **DENIED as moot.** [ECF No. 6].

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 7th day of April, 2025.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

7